HOUSTON, Justice.
Pursuant to a stipulation of the attorneys of record for the parties, the trial court entered a judgment in favor of Great American Broadcasting Corporation and against Excelsior Broadcasting Corporation, Terrell W. Newby, Irvin S. Daniel, and June Newby Bacon, in the amount of $215,-000.00 on June 17, 1987. More than one year later, Ms. Bacon and Mr. Daniel filed a motion to vacate and set aside the judgment as to them.
An evidentiary hearing was held, and the trial court found that Ms. Bacon, who was the mother of defendant Newby, was served by certified mail; signed the receipt therefor; and knew that she was sued as an individual; and that Mr. Daniel, who was the father-in-law of defendant Newby, was served with a summons and complaint and knew 'that he was sued as an individual; and that both Ms. Bacon and Mr. New-by were represented by the attorney for Excelsior Broadcasting Corporation at the time he executed the stipulation that resulted in the June 17, 1987, judgment.
“Our standard of review where the trial court has heard ore tenus testimony is that we will presume that the trial court’s judgment is correct and that it will be reversed only if the judgment is found to be plainly and palpably wrong after a consideration of all the evidence and after making all inferences that can logically be made from the evidence.”
King v. Travelers Insurance Co., 513 So.2d 1023, 1026 (Ala.1987).
Applying this standard of review, we hold that it was not error for the trial court to overrule the motions to vacate the judgment filed by Ms. Bacon and Mr. Daniel; and we affirm.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and KENNEDY, JJ„ concur.